# IN RE DISBARMENT OF LOUIS L. LARSON.[1]

December 9, 1932.

No. 29,028.

*Oscar G. Haugland* and *Charles E. Houston,* for state board of law examiners.

There was no brief filed or appearance made on behalf of respondent in this court.

PER CURIAM.

In 1916 respondent was admitted to practice law in this state and has acted as an attorney since that time. Complaints of misconduct caused the board of law examiners to file charges against him, and the Honorable G. E. Qvale, a judge of the district court, was appointed referee to take the evidence and report findings thereon. Upon the evidence taken and the findings made, this appears in substance as to the charges:

In three specified collections intrusted to respondent by parties from three other states, he collected in one case $5, in another the full amount, about $20, and in the third $75. In each he delayed informing his clients that anything had been collected, and he left

[1]Reported in 245 N. W. 626.

unanswered most of their many letters of inquiry. He has paid nothing on any of the three collections except the third, upon which, after threats of prosecution, he paid $50.

One charge relates to litigation undertaken in behalf of a poor and ignorant woman who deemed herself wronged by the final decree of the probate court in her father's estate. The decree had been entered some six years prior to the time she consulted respondent. He was retained in the matter, petitioned the probate court to vacate the decree, and on denial thereof appealed to the district court. The district court affirmed the probate court and denied petitioner's motion for a new trial. While this litigation went on respondent received of his client small sums of money from time to time totaling $165. About $10 thereof he paid in clerk's fees. He advised an appeal from the order of the district court denying a new trial and gave his client to understand that an appeal was taken, but it never was. He now gives the excuse that the adverse party had not served notice of the filing of the order of the district court denying a new trial; hence the time to appeal was not set running. When the client discovered that she had been deceived as to the appeal she discharged respondent and demanded a return of the money paid. Respondent refused to refund any part.

A charitable view of respondent's conduct would be that it was poor professional judgment to encourage a client in such hopeless litigation, and nothing more serious. But the poverty of the client and the trifling expense connected with the trial up to the time of the order of the district court denying a new trial did not justify a lawyer having any regard for the ethics of his profession in collecting as much as he did and then stopping short of taking the final appeal, which he let her understand had been taken and which he encouraged her to believe would be successful.

Another charge of misconduct was failure promptly to inform a client residing in a neighboring state that he had settled and received the money in an action respondent brought; and more especially in failing to turn over to the client what belonged to him.

In respect to the three collection matters first mentioned, we do not consider the fact that respondent did not remit any part of the $5 collected in the one case, or claimed $20 for his services in the $75 collection, for there may be some justification for the contention that the fee stipulated for the collection should not govern when the collections were taken out of his hands. But the real misconduct was ignoring repeated letters of inquiry. The same neglect to answer inquiries applies to the third collection; and in addition, though he collected in full, he has never paid the part he conceded his client was entitled to. He never made good the worthless check he sent.

From the findings it is gathered that, although respondent is 43 years old and unmarried, he has barely subsisted from his practice. The inference is that financial stress has driven him to make use of clients' money, and then kept them ignorant of the fact as long as he possibly could that he had received it. Respondent cannot do manual labor, having lost an arm in his youth; but it is evident that he cannot obtain a living as an attorney in the manner he is able to carry on without dishonoring the profession and inflicting loss and vexation upon clients. The court is not justified in permitting him to continue. The findings of the referee are adopted, and respondent is found guilty of misconduct warranting permanent disbarment.

It is ordered that respondent, Louis L. Larson, be disbarred from practicing law in this state and that his name be stricken from the roll of attorneys.

Let judgment be entered accordingly.